IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

ERIE INSURANCE PROPERTY &
CASUALTY COMPANY, and
PALACE PROPERTIES, LLC,

FEB 26 2010

TERESA L. DE___ ____, CLERK
U.S. Dis___ Court
Southern District ___ ___st Virginia

                    Plaintiff,

v.                                          CIVIL ACTION NO. 3:10-0194

84 LUMBER COMPANY,

                    Defendant.

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
      COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
      AT HUNTINGTON

PLEASE TAKE NOTICE that Defendant 84 Lumber Company (84

Lumber), hereby removes the above-titled action from the Circuit Court of Cabell

County, West Virginia to the United States District Court for the Southern District

of West Virginia at Huntington, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446

and as further set forth below:

## THE REMOVED CASE

1.     The removed case is a civil action filed on or about December 28,

2009 in the Circuit Court of Cabell County, West Virginia, styled Erie Insurance

Property & Casualty Company and Palace Properties, LLC v. 84 Lumber

Company (Civil Action No. 09-C-1018). See Complaint, attached as Exhibit 1.

## PAPERS FROM THE REMOVED CASE

2.      A copy of the certified state court record is attached hereto as Exhibit 2 pursuant to the requirements of U.S.C. § 1446(b).  That record reflects that the only document filed in the state court was Plaintiffs' Complaint.

## THE REMOVAL IS TIMELY

3.      Service of process was affected upon Defendant 84 Lumber Company on February 3, 2010.  See Service of Process, Delivery Information, attached as Exhibit 3.  Therefore, this removal, which occurs within thirty (30) days of service of process, is timely under 28 U.S.C. § 1446(b).

## THE VENUE REQUIREMENT IS MET

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state action was pending.

## DIVERSITY OF CITIZENSHIP EXISTS
## BETWEEN THE PROPER PARTIES

5.      This is a civil action of which part falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and has been properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

6.      According to the Complaint, the contract plaintiff to this action, Erie Insurance Property& Casualty Company (Erie), is a Pennsylvania corporation with its principal place of business located in Erie, Pennsylvania. [1]

---

[1]  84 Lumber does not assert that this Court has jurisdiction over the complaint brought by Plaintiff Erie. Rather, 84 Lumber asserts that a state court located in Pennsylvania has jurisdiction over that claim. 84 Lumber does assert, however, that Plaintiffs' claims are misjoined and that, once properly separated, this Court has jurisdiction over the claims brought by Plaintiff Palace Properties.

7.    According to the Complaint, the tort plaintiff to this action, Palace Properties, LLC (Palace Properties), is a limited liability company with its principal place of business in Cabell County, West Virginia.

8.    Defendant 84 Lumber is a Pennsylvania limited partnership with its principal place of business located in Eighty Four, Pennsylvania.

9.    Procedural misjoinder of plaintiffs is present in this case. Pursuant to the doctrines adopted by this Court in Grennell v. Western Southern Life Ins. Co., 298 F. Supp. 2d 390, 397(S.D. W. Va. 2004), procedural misjoinder of plaintiffs occurs when "the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact." See id; see also Burns v. Western Southern Life Ins. Co., 298 F. Supp. 401, 402 (S.D. W. Va. 2004).

10.    Unlike fraudulent joinder, procedural misjoinder does not call into question the validity of the claims asserted by or against each party. See Wyatt v. Charleston Area Medical Center, Inc., 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009); Hughes v. Sears, Roebuck, and Co., 2009 U.S. Dist. LEXIS 82550, *3-4 (N.D. W. Va.). It only calls into question "whether there is a 'reasonable possibility that a state court would find that the plaintiffs' claims against one set of defendants were properly joined with the claims against the other defendants.'" See id. (quoting Conk v. Richards & O'Neil, LLP, 77 F. Supp. 2d 956, 971 (S.D. Ind. 1999). Accordingly, a defendant asserting procedural misjoinder need not prove egregiousness. See id. Such a defendant must only prove that joinder is not proper. See id.

3

11.     Pursuant to both Federal Rule of Civil Procedure 20(a) and West Virginia Rule of Civil Procedure 20(a), persons may only be joined in one action as plaintiffs if: "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action."

12.     In this case, 84 Lumber does not dispute that there may be questions of fact common to both Plaintiff Erie and Plaintiff Palace Properties. 84 Lumber does, however, dispute the fact that each plaintiff's case arises out of the same transaction or occurrence. Specifically, 84 Lumber maintains that Plaintiff Erie's claim arises out of its contract with non-parties, Thomas Paine and Tapson Home Improvement and that this transaction is different than the occurrence, the alleged negligence by 84 Lumber's employees, that forms the basis of Plaintiff Palace Properties' claim. Accordingly, as the two cannot be joined in one action, this removal is proper pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between 84 Lumber and Plaintiff Palace Properties.

## THE AMOUNT IN CONTROVERSY
## REQUIREMENT IS SATISFIED

13.     Upon information and belief, the monetary value of the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14.     Plaintiff Palace Properties is seeking economic losses associated with damages to its building and property as well as damages for annoyance and inconvenience. It is reasonably expected that the amount Plaintiff Palace Properties will seek will exceed $75,000.00.

15.     Thus, the state court action may be removed to this Court by 84 Lumber in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action within the jurisdiction of the United States District Court for the Southern District of West Virginia; (ii) there is diversity of citizenship among the parties; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## NO WAIVER

16.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of 84 Lumber's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: 1) lack of jurisdiction over the person; 2) improper venue; 3) insufficiency of process; 4) insufficiency of service of process; 5) improper joinder of claims and/or parties; 6) failure to state a claim; 7) failure to join an indispensible party; or 9) any other pertinent defenses available under West Virginia or Federal Rule of Civil Procedure 12, any other rule or statute, or otherwise.

## FILING OF REMOVAL PAPERS

17.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given to counsel for each Plaintiff, and a Notice of Filing of Notice of Removal is being filed with the Circuit Court of Cabell County, West Virginia.  A true and correct copy of the Notice of Filing is attached as Exhibit 4.

## ALL PROCEDURAL REQUIREMENTS
## FOR REMOVAL HAVE BEEN MET

18.     Since there is only one defendant, there is no consent requirement.

19.     Moreover, the status of Defendant Erie as a resident of the same state as 84 Lumber does not preclude removal as Plaintiffs are guilty of procedural misjoinder.

20.     Finally, all procedural requirements for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied and, thus, this case is hereby removed pursuant to this Court's original jurisdiction under 28 U.S.C. § 1332.

WHEREFORE, Defendant 84 Lumber Company hereby removes the above-titled action from the Circuit Court of Cabell County, West Virginia to the United States District Court for the Southern District of West Virginia at Huntington, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and requests that further proceedings be conducted in this court as provided by law.

**84 LUMBER COMPANY**,

By Counsel

Troy N. Giatras, Esq. (WVSB # 5602)
Stacy A. Jacques, Esq. (WVSB # 9677)
THE GIATRAS LAW FIRM, PLLC
118 Capitol Street, Suite 400
Charleston, West Virginia  25301
(304) 343-2900

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

ERIE INSURANCE PROPERTY &
CASUALTY COMPANY, and
PALACE PROPERTIES, LLC,

        Plaintiff,

v.                          CIVIL ACTION NO. _____

84 LUMBER COMPANY,

        Defendant.

## CERTIFICATE OF SERVICE

I, Troy N. Giatras, Esquire, do hereby certify that a true copy of the foregoing **"Notice of Removal"** was forwarded via United States Mail, postage prepaid, in a sealed envelope addressed to the following:

Teresa A. Kleeh, Esquire
Peter Raupp, Esquire
*Steptoe & Johnson, PLLC*
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Erie Insurance Property & Casualty Co.*

Chad Lovejoy, Esquire
*Duffield, Lovejoy & Stemple, PLLC*
P.O. Box 608
Huntington, WV 25710-0608
*Counsel for Palace Properties, LLC*

on this the _____26th_____ day of February, 2010.

Troy N. Giatras, Esquire
*The Giatras Law Firm, PLLC*
118 Capitol Street, Suite 400
Charleston, West Virginia 25301
(304) 343-2900
WV State Bar ID No: 5602

# EXHIBIT   1

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

**ERIE INSURANCE PROPERTY &
CASUALTY COMPANY, and
PALACE PROPERTIES, LLC**

'09 DEC 28  P 3: 02

ADELL CHANDLER
CIRCUIT CLERK
CABELL WV

**Plaintiff,**

**v.**

CIVIL ACTION NO. 09C1018

**84 LUMBER COMPANY,**

**Defendant.**

## COMPLAINT

COME NOW the Plaintiffs, Erie Insurance Property & Casualty Company, by counsel Steptoe & Johnson PLLC, and Palace Properties, LLC, by counsel Duffield, Lovejoy & Stemple, and state as follows:

### Parties

1.      Plaintiff Erie Insurance Property & Casualty Company ("Erie") is a Pennsylvania corporation, with its principal place of business located at 100 Erie Insurance Place, Erie, Pennsylvania.  Erie has been, at all times relevant to this lawsuit, authorized to do business in the State of West Virginia.

2.      Plaintiff Palace Properties, LLC ("Palace Properties") is a limited liability company with its principal place of business in Cabell County, West Virginia.

3.      Defendant 84 Lumber Company ("Defendant" or "84 Lumber") is a Pennsylvania based limited partnership, with its headquarters and principal place of business located in Eighty Four, Pennsylvania.  Defendant has, at all time relevant to this instant lawsuit, been authorized to do business in the State of West Virginia.

1

### Venue

4.      Venue is proper in Cabell County, West Virginia, where the cause of action

arises.

### Background

5.      Thomas Paine ("Mr. Paine") owns Tapson Home Improvement ("Tapson").

Tapson operates as a general contractor in the construction industry.

6.      Palace Properties is a business which owns and has developed a number of

properties in Cabell County, West Virginia.

7.      As of January 4, 2008, Palace Properties owned the property located at 2411

Collis Avenue, Huntington, West Virginia (hereinafter "the property").

8.       Prior to January 4, 2008, Palace Properties began constructing a 12 unit

apartment building on the property.  Palace Properties hired Tapson as the general contractor for

the construction of the building.   The construction was ongoing as of January 4, 2008.

9.      Tapson purchased insurance coverage through Erie to cover any losses associated

with the construction of the building.

10.     Palace Properties paid for 84 Lumber to, among other things, install insulation in

the building.

11.     84 Lumber assigned a work crew to install insulation in the building.  84 Lumber

had exclusive control over its employees.  Neither Tapson nor Palace Properties had control over

these 84 Lumber employees during the construction of the building or during the time that the

work crew installed insulation into the building.

2

12.    The process of insulating the building took several days to complete and involved blowing insulation through a hole in the ceiling of a closet, located on the third-floor of the building, into the attic of the building.

13.    The last day that the 84 Lumber employees blew insulation into the attic of the building was January 4, 2008.

14.    The material used by 84 Lumber to insulate the attic of the building was flammable.

15.    The 84 Lumber employees were, or should have been, aware that the material used to insulate the attic of the building was flammable.  Based on this knowledge, the 84 Lumber employees were required to take sufficient care in insulating the attic.

16.    The 84 Lumber employees knew, or should have known, smoking cigarettes near the insulation could cause a fire and that they should not, under any circumstances, smoke cigarettes near the insulation.

17.    Prior to January 4, 2008, at least one 84 Lumber employee smoked cigarettes while engaged in, or assisting in, the process of blowing insulation into the attic of the building.

18.    The 84 Lumber employees installing insulation into the building were the last people to leave the building on January 4, 2008.  They were asked by a Tapson employee to make sure that the building was locked.  The 84 Lumber employees agreed to lock the building when they were finished.

19.    The 84 Lumber employees who were engaged in the installation of insulation into the building were acting within the scope of their employment, as employees of 84 Lumber, at all times relevant to the facts alleged in this Complaint.

20.    At some point on either January 4 or 5, 2008, the building caught fire.

3

21.    The aforementioned fire caused approximately $250,000 of damage to the building and delayed the completion of construction on the building.

22.    During an inspection of the premises after the fire was contained by local authorities, numerous cigarettes were found throughout the building, including the third-floor closet where the insulation was blown into the attic.

23.    An investigation into the cause and origin of the fire determined that the fire originated in the attic area and was caused by carelessly discarded cigarettes.

24.    The cigarettes that caused the fire were consumed, and discarded by, the very employees of 84 Lumber who were actively involved in the process of blowing insulation into the building's attic.

## Count I – Negligence

25.    The plaintiffs reallege the allegations in Paragraphs 1 through 24 as if fully set forth herein.

26.    84 Lumber's employees had a duty to exercise such care, skill, and diligence as persons engaged in the profession involved ordinarily exercise in like circumstances.

27.    84 Lumber's employees, by smoking cigarettes while engaged in the process of blowing insulation into the Building's attic, failed to exercise the required level of skill and diligence.

28.    84 Lumber's employees, by disregarding lit cigarettes near the insulation and while engaged in the process of blowing insulation into the Building's attic, failed to exercise the required level of skill and diligence.

29.    The aforementioned actions of 84 Lumber's employees were the sole proximate cause of the fire, and resulting damages, to the Building.

4

30.    Erie paid $249,738.41 to its insured for damage to the Building and is accordingly entitled to compensatory damages in that amount as a result of 84 Lumber's negligence.

31.    Palace Properties suffered economic losses associated with the damages to its building and property and is also entitled to damages for annoyance and inconvenience.

WHEREFORE, (i) the plaintiff, Erie Insurance Property & Casualty Company, having subrogation rights against the defendant, 84 Lumber Company, demands full restitution from the defendant in the amount of two hundred forty-nine thousand seven hundred thirty-eight dollars and forty-one cents ($249,738.41), along with damages for attorney's fees, costs, pre-judgment interest and post-judgment interest, and respectfully requests and prays that this Honorable Court enter an Order awarding it damages equal to that amount; and (ii) the plaintiff, Palace Properties, LLC, is entitled to recover for damages to its property, loss income, annoyance and inconvenience, attorney's fees, costs, pre-judgment interest, and post-judgment interest,.

Plaintiffs demand a trial by jury.


                                        **ERIE INSURANCE PROPERTY
                                        & CASUALTY COMPANY**
                                        By counsel,


                                        Teresa A. Kleeh (WV Bar # 7189)
                                        Peter Raupp (WV Bar # 10546)
                                        P. O. Box 1588
                                        Charleston, WV 25326-1588
                                        Telephone:  (304) 353-8000
                                        Facsimile:  (304) 353-8180

STEPTOE & JOHNSON PLLC
       Of Counsel

5

**PALACE PROPERTIES, LLC**
By counsel,

Chad Lovejoy (WV Bar # 7478)
Duffield, Lovejoy & Stemple, PLLC
P.O. Box 608
Huntington, WV 25710-0608
Telephone:  (304) 522-3038
Facsimile:  (304) 522-0088

6

# EXHIBIT   2

CASE NO. 09-C-1018                                    OPENED 12/28/2009

   JUDGE...    JUDGE F. JANE HUSTEAD

   PLAINTIFF.  ERIE INSURANCE PROPERTY & CASUALTY COMPANY AND ET AL
VS DEFENDANT.  EIGHTY FOUR LUMBER COMPANY

   PRO ATTY..  T. KLEEH
   DEF ATTY..

  PAGE#    DATE MEMORANDUM.............

  00001 12/28/09 CIS,Complaint issd sumns 30 dys/SOS ret'd to atty for srvc a

# EXHIBIT  3

# West Virginia Secretary of State — Online Data Services

## Service Of Process

## Service Of Process Search Item Detail

Back To Results | New Search

### Service Information

| | |
|---|---|
| **Civil Action** | 09-C-1018 |
| **Defendant** | 84 Lumber Company |
| **Agent** | C. T. Corporation System |
| **City/State/Zip** | Charleston, WV 25323 |
| **Country** | US - United States of America |
| **County** | Cabell |
| **Service Date** | 2/3/2010 |

### Delivery Information

| | |
|---|---|
| **Certified Number** | 9171923790001000212743 |
| **Status Date** | 2/5/2010 5:03:00 AM |
| **Delivered** | NO |
| **Status Details** | ARRIVAL AT UNIT<br>(Complete list of USPS status descriptions) |
| **USPS NOTICE** | *USPS requires a signature for non-delivered, returned to sender certified letters. If the signature below is that of either* **Kathy Thomas**, *Deanna Karlen*, **State of West Virginia** *or* **Central Mailing Office**, *this letter has not been served and was returned to the clerk of the appropriate court.*<br><br>Click the image below to view full size, for printing or saving to your computer. |

No Image
Available

**Signature**
**Image**

◢

Back To Results | New Search

Printed from West Virginia Secretary of State Online Data Services web site:
http://apps.sos.wv.gov

© 2010 State of West Virginia

# EXHIBIT   4

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

ERIE INSURANCE PROPERTY &
CASUALTY COMPANY, and
PALACE PROPERTIES, LLC,

                Plaintiff,

v.                          CIVIL ACTION NO. 09-C-1018

84 LUMBER COMPANY,

                Defendant.

## **NOTICE OF FILING OF NOTICE OF REMOVAL**

TO:   CLERK OF COURT
       Cabell County Courthouse
       750 5th Avenue, Suite 114
       Huntington, WV  25701

PLEASE TAKE NOTICE that Defendant 84 Lumber Company (84 Lumber), hereby removes the above-titled action from the Circuit Court of Cabell County, West Virginia to the United States District Court for the Southern District of West Virginia at Huntington, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on February 26, 2010.  A copy of the Notice of Removal, and all exhibits thereto, are attached hereto as Exhibit "A".  In accordance with 28 U.S.C. § 1446(d), no further proceedings shall be held in this Court unless and until this action is remanded.

                                                  **84 LUMBER COMPANY,**
                                                  By Counsel

Troy N. Giatras, Esq. (WVSB # 5602)
Stacy A. Jacques, Esq. (WVSB # 9677)
THE GIATRAS LAW FIRM, PLLC
118 Capitol Street, Suite 400
Charleston, West Virginia  25301
(304) 343-2900