IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON



RECEIVED FEB 2 6 2010
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

ERIE INSURANCE PROPERTY &
CASAULTY COMPANY, and
PALACE PROPERTIES, LLC,

    Plaintiff,

v.                                  CIVIL ACTION NO. 3:10-00194

84 LUMBER COMPANY,

    Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Comes now Defendant 84 Lumber Company, by counsel, pursuant to Federal Rule of Civil Procedure 12(b)(3) and (6) (2010) and moves this Honorable Court to dismiss Plaintiffs Erie Insurance, Property & Casualty Company (Erie) and Palace Properties, LLC (Palace Properties)' claims against it as this is the improper venue for Erie's claims against it and as both Plaintiffs have failed to state a claim upon which relief can be granted. Defendant further states as follows in support of this request:

### BACKGROUND

This case arises from a fire at a construction site. Found throughout the construction site were discarded cigarette butts. It is asserted by Plaintiffs that one of these discarded cigarette butts caused the fire. It is further asserted, without any reference to proof, by Plaintiffs that an employee of 84 Lumber may have discarded the cigarette that caused the fire.

84 Lumber disagrees with Plaintiffs' assertions, particularly Plaintiffs' unsupported assertion that an 84 Lumber employee discarded the cigarette butt that may have caused the fire. The cause of the fire, however, is immaterial to the matter presently before the Court.

Material to the matter presently before the Court is the fact that Defendant Erie's insured, Tapson Home Improvement (Tapson) was the general contractor for the construction project. Plaintiffs allege that Tapson purchased insurance from Plaintiff Erie to cover its losses, if any, incurred during the construction project. Plaintiff Erie asserts in the Complaint that it paid in excess of $249,000.00 pursuant to this policy, but does not state who that money was paid to. Importantly, Tapson makes no claim for loss in the Complaint.

Also material to the matter presently before the Court is the fact that Plaintiff Palace Properties was the owner of the construction site. Plaintiff Palace Properties' claims in the Complaint, however, are limited to annoyance and inconvenience.

Finally, an additional fact of material importance to the matter before the Court is the fact that 84 Lumber is a Pennsylvania-based limited partnership. Plaintiff Erie is, upon information and belief, a Pennsylvania corporation. Plaintiff Palace Properties is, upon information and belief, a West Virginia limited liability corporation.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

A. <u>Standard of Law</u>

Federal Rule of Civil Procedure 8(a)(2) requires a pleader to provide "a short and plain statement of the claim . . . showing entitle[ment] to relief." See Fed. R. Civ. Pro. 8(a)(2) (2010). Rule 12(b)(6) correspondingly permits a defendant to challenge a

2

complaint when it "fail[s] to state a claim upon which relief can be granted..." See Fed R. Civ. Pro. 12(b)(6) (2010).

The required "short and plain statement" must provide "'fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." See Twombly, 550 U.S. at 554. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." See id.; see also Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008).

This standard for the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." See Twombly, 550 U.S. at 554; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." See id. at 554; Giarratano, 521 F.3d at 302.

The recent decision in Iqbal provides some guidance concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

See Iqbal, 129 S. Ct. at 1949-50 (citations omitted).

    B.    Argument

In this case, Plaintiffs have failed to meet the standard set forth above. Rather than providing 84 Lumber with more than a "the defendant wrongfully harmed me statement," the Plaintiffs have done just that.

Plaintiff Erie has provided no basis for its claim at all. It appears that it might be a derivative claim based on damages suffered by its insured. But, the fact that its insured suffered damages is not even alleged. More importantly, 84 Lumber should not be made to guess at the basis for Plaintiff Erie's claim, that is exactly what the Supreme Court in Iqbal and Twombly was trying to eradicate, making a defendant guess as to what possible claims a plaintiff might have against it. In this case, 84 Lumber cannot even determine if it needs to bring a third-party complaint against Tapson as it cannot even determine what damages were suffered and by whom. Quite simply, Plaintiff Erie's Complaint does not state a claim upon which relief can be granted and it must be dismissed.

Plaintiff Palace Properties' claim is equally vague. It appears that Plaintiff Palace Properties is making a claim for damages of some type, but the only damages set forth in the Complaint are derivative, annoyance and inconvenience, and cannot, under West Virginia law, be asserted without an accompanying property damages claim.

4

Accordingly, Plaintiff Palace Properties' claims must also be dismissed pursuant to Rule 12(b)(6).

    C.    <u>Conclusion</u>

The Federal Rules of Civil Procedure do not permit Plaintiffs to turn this into a guessing game. Yet, that is exactly what they have attempted to do. 84 Lumber cannot tell from the Complaint what claims are being brought against it, and, thus, it cannot formulate an Answer and must move to dismiss. Plaintiffs may argue that 84 Lumber should be able to tell what they mean, but that is not what the Federal Rules of Civil Procedure require. Therefore, Plaintiffs' Complaint must be dismissed for failure to state a claim upon which relief can be granted.

## MOTION TO DISMISS FOR LACK OF VENUE

    A.    <u>Standard of Law</u>

For the limited purposes of a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure, the allegations in plaintiff's Complaint and all reasonable inferences therefrom must be taken as true. See <u>Cole v. Appalachian Power Co.</u>, 1995 U.S. Dist. LEXIS 22239 (S.D. W. Va.). However, once venue is challenged, the burden of proving that venue is proper rests with the plaintiff. See <u>Magic Toyota v. Southeast Toyota Distributors</u>, 784 F. Supp. 306 (D.S.C. 1992). See also, <u>Bartholomew v. Virginia Chiropractors Ass'n</u>, 612 F.2d 812, 816 (4th Cir. 1979). Here, Plaintiff Erie has not successfully carried that burden.

    B.    <u>Argument</u>

Procedural misjoinder of plaintiffs is present in this case. Pursuant to the doctrines adopted by this Court in <u>Grennell v. Western Southern Life Ins. Co.</u>, 298 F.

Supp. 2d 390, 397(S.D. W. Va. 2004), procedural misjoinder of plaintiffs occurs when "the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common question of law or fact." See id; see also Burns v. Western Southern Life Ins. Co., 298 F. Supp. 401, 402 (S.D. W. Va. 2004).

Unlike fraudulent joinder, procedural misjoinder does not call into question the validity of the claims asserted by or against each party. See Wyatt v. Charleston Area Medical Center, Inc., 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009); Hughes v. Sears, Roebuck, and Co., 2009 U.S. Dist. LEXIS 82550, *3-4 (N.D. W. Va.). It only calls into question the "whether there is a 'reasonable possibility that a state court would find that the plaintiffs' claims against one set of defendants were properly joined with the claims against the other defendants.'" See id. (quoting Conk v. Richards & O'Neil, LLP, 77 F. Supp. 2d 956, 971 (S.D. Ind. 1999). Accordingly, a defendant asserting procedural misjoinder need not prove egregiousness. See id. Such a defendant must only prove that joinder is not proper. See id.

Pursuant to both Federal Rule of Civil Procedure 20(a) and West Virginia Rule of Civil Procedure 20(a), persons may only be joined in one action as plaintiffs if: "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action."

In this case, 84 Lumber does not dispute that there may be questions of fact common to both Plaintiff Erie and Plaintiff Palace Properties. 84 Lumber does, however, dispute the fact that each plaintiff's case arises out of the same transaction or occurrence.

6

Specifically, 84 Lumber maintains that Plaintiff Erie's claim arises out of its contract with a non-party, Tapson and that this transaction is different than the occurrence, the alleged negligence by 84 Lumber's employees, that forms the basis of Plaintiff Palace Properties' claim. Accordingly, as the two cannot be joined in one action, 84 Lumber removed this action, pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between 84 Lumber and Plaintiff Palace Properties.

Having removed this action, 84 Lumber now seeks to separate the two misjoined halves and dismiss Plaintiff Erie's claim against it for lack of venue. It is undisputed that Plaintiff Erie and 84 Lumber are both residents of Pennsylvania. Therefore, there is no diversity between them and Pennsylvania state court, not this court, is the proper forum.

C. Conclusion

Accordingly, should this Court elect not to dismiss the claims against Plaintiff Erie for failure to state a claim, it should still dismiss such claims for improper venue as these residents of Pennsylvania should be entitled to settle their disputes in the courts of their own state.

WHEREFORE, for the reasons set forth above, Defendant 84 Lumber Company, by counsel, pursuant to Federal Rule of Civil Procedure 12(b)(3) and (6) (2010) and moves this Honorable Court to dismiss Plaintiffs Erie Insurance, Property & Casualty Company (Erie) and Palace Properties, LLC (Palace Properties)' claims against it as this is the improper venue for Erie's claims against it and as both Plaintiffs have failed to state a claim upon which relief can be granted.

**84 LUMBER COMPANY**,

By Counsel:

_____
Troy N. Giatras, Esq. (WVSB # 5602)
Stacy A. Jacques, Esq. (WVSB # 9677)
THE GIATRAS LAW FIRM, PLLC
#118 Capitol Street, Suite 400
Charleston, West Virginia 25301
(304) 343-2900

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

ERIE INSURANCE PROPERTY &
CASUALTY COMPANY, and
PALACE PROPERTIES, LLC,

                Plaintiff,

v.                              CIVIL ACTION NO. 3:10-0194

84 LUMBER COMPANY,

                Defendant.

*FILED FEB 26 2010 — TERESA L. DEPPNER, CLERK, U.S. District Court, Southern District of West Virginia*

### CERTIFICATE OF SERVICE

I, Troy N. Giatras, Esquire, do hereby certify that a true copy of the foregoing **"Defendant's Notice of Motion and Motion to Dismiss"** and **"Memorandum of Law in Support of Motion to Dismiss"** were forwarded via United States Mail, postage prepaid, in a sealed envelope addressed to the following:

    Teresa A. Kleeh, Esquire
    Peter Raupp, Esquire
    *Steptoe & Johnson, PLLC*
    P.O. Box 1588
    Charleston, WV  25326-1588
    *Counsel for Erie Insurance Property & Casualty Co.*

    Chad Lovejoy, Esquire
    *Duffield, Lovejoy & Stemple, PLLC*
    P.O. Box 608
    Huntington, WV  25710-0608
    *Counsel for Palace Properties, LLC*

on this the 26th day of February, 2010.

_____
Troy N. Giatras, Esquire
*The Giatras Law Firm, PLLC*
118 Capitol Street, Suite 400
Charleston, West Virginia 25301
(304) 343-2900
WV State Bar ID No: 5602